IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ONG VUE,                              )
                                      )
             Plaintiff,               )
                                      )    CIV-18-366-HE
                                      )
FRANK X. HENKE, et. al.,              )
                                      )
             Defendants.              )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

I. Background

Plaintiff was convicted in 1998 on one charge of murder in the first degree and two counts of shooting with intent to kill. Doc. #1-15 at 1; Oklahoma Supreme Court Network, Cleveland Cnty. Dist. Ct. Case No. CF-97-628.[1] He

---
[1] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

was sentenced to life imprisonment for the murder conviction and twenty (20) years on each of the shooting with intent to kill convictions. *Id.* Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that his parole applications have been arbitrarily denied and that the Oklahoma Pardon and Parole Board's process and procedures violate his rights to due process and equal protection. Named as Defendants are employees and officials of the Oklahoma Pardon and Parole Board and the Oklahoma Board of Corrections, in their official capacities only.

To say that the underpinnings of the claims in Plaintiff's 59-page Complaint are difficult to discern is an understatement. Because Plaintiff is proceedings *pro se*, the undersigned has liberally construed his pleading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). To the extent Plaintiff intended to assert claims or allegations not addressed herein, he will have the opportunity to clarify the same in an objection to this Recommendation.

II. Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, a court must dismiss a complaint or any portion of it presenting claims

2

that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, *Haines*, 404 U.S. at 520, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–1248 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

III. Supreme Court Precedent

"In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-1026 (10th Cir. 2007) (quotation omitted). Relying on *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama,* 567 U.S. 460 (2012), Plaintiff contends that Oklahoma statutory authority and regulatory procedure related to the state's parole process violate Eighth and Fourteenth Amendments rights because they fail to provide him with a meaningful opportunity for release. As a result, he requests injunctive and declaratory relief requiring the Oklahoma Pardon and Parole Board to provide quicker or new parole hearings and allow the Parole Board discretion to shorten prisoners' terms.[2] Doc. #1 at 58-59. However, the Supreme Court rulings upon which Plaintiff relies are not applicable to his convictions and sentences. Therefore, his Eighth and Fourteenth Amendment claims relying on the same are without merit.

*Graham* and *Miller* established constitutional limits on certain sentences for offenses committed by juveniles. *See Miller*, 567 U.S. 460, 465 ("We [] hold that mandatory life without parole for those under the age of 18 at the time of their crimes [including homicide] violates the Eighth Amendment's prohibition on

---

[2] Plaintiff also purports to bring this matter as a class action to include all similarly situated Oklahoma inmates. Doc. #1 at 6.

4

"cruel and unusual punishments."); *Graham*, 560 U.S. at 82 (holding that "if [the state] imposes a sentence of life [on a non-homicide juvenile offender], it must provide him or her with some realistic opportunity to obtain release before the end of that term."). However, Plaintiff was eighteen years old at the time he committed the criminal offenses underlying his convictions and sentences. Doc. #1 at 34; Doc. #1-15 at 1.

The Supreme Court has effectively demarcated the ages of majority and minority at eighteen. *See Graham*, 560 U.S. at 89 (noting that the Supreme Court's previous "prohibition on the juvenile death penalty followed from our conclusion that '[t]hree general differences between *juveniles under 18* and adults demonstrate that juvenile offenders cannot with reliability be classified among the worst offenders.'") (quoting *Roper v. Simmons*, 543 U.S. 551, 569 (2005) (emphasis added)); *see also* Okla. Stat. tit. 10A, § 2-1-103(7) (defining juvenile as "any person under eighteen (18) years of age."). Thus, the noted Supreme Court precedent does not require the state to provide Plaintiff a meaningful opportunity for release and therefore, these claims should be dismissed.

IV. Due Process Claims

To the extent Plaintiff also intends to assert general due process claims based upon Oklahoma's parole process and the consistent denial of his parole

5

applications, his claims also fail. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.* (internal citations omitted). *See Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting *Wilkinson*, 545 U.S. at 221). Although Plaintiff acknowledges legal precedent finding that the Oklahoma parole process does not implicate the due process clause, *see* Doc. #1 at 13, 15, Plaintiff nevertheless asserts due process claims apparently based on his contention that the previously referenced Supreme Court precedent and various Oklahoma statutes provide a legitimate expectation in receiving parole, thus creating a liberty interest. *Id.* at 16-17.

However, it has long been established "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). A state statute that "holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained," and

6

this hope "is not protected by due process." *Id.* at 11. In Oklahoma, eligibility for parole is discretionary. *See Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) ("[T]he Oklahoma statutory scheme . . . does no more than create a parole system, which in the Supreme Court's view . . . does not establish a liberty interest."); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectible liberty interest in an Oklahoma parole."). Hence, no specific due process procedures are required prior to the denial of a state prisoner's application for parole in Oklahoma.

Plaintiff's § 1983 due process claims are grounded in his assertion that he has a constitutionally-protected liberty interest in parole. *See generally* Doc. #1 at 18-20, 22-23, 35-42, 43-57. He has no such interest. Thus, Plaintiff's allegations that his applications for parole have been arbitrarily denied fail to state a viable claim of a constitutional violation. *See Griffith v. Bryant*, 625 F. App'x 914, 917-18 (10th Cir. 2015) ("Also, because Oklahoma's parole scheme is discretionary, [the plaintiff] has no constitutionally protected due process liberty interest in parole." (citing *Shirley*, 603 F.2d at 807, and *Shabazz*, 977 P.2d at 1093)); *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has

7

interfered."); *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) ("[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest."). Thus, Plaintiff's due process claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

V. Equal Protection Claim

Plaintiff also purports to assert a claim that his equal protection rights have been violated in connection with Oklahoma's parole process and the denial of his parole applications. Doc. #1 at 24-35. The Fourteenth Amendment's equal protection guarantee "is essentially a directive that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff fails to support this claim with any comprehensible factual allegation that implicates the Equal Protection Clause.

To the extent Plaintiff is attempting to argue that distinguishing between adult and juvenile offenders violates the equal protection clause, *see* Doc. #1 at 26, his claim would inherently fail. The Supreme Court's reasoning underlying its holdings in *Roper*, *Graham*, and *Miller* firmly establishes that adult and juvenile offenders are not similarly situated. *Miller*, 567 U.S. at 471-75; *Graham*,

560 U.S. at 67-69, 71-74, 79; *Roper*, 543 U.S. at 568-70, 572-73. The remainder of Plaintiff's allegations are too vague or incomprehensible to permit a proper legal analysis. *See Montgomery v. Wyatt,* No. CIV–15–299–M, 2015 WL 3937428, at *3 (W.D. Okla. May 28, 2015) (dismissing claims under screening process where "Plaintiff's vague allegations fall short of those needed to state a claim against . . . ."). Accordingly, Plaintiff's equal protection claim should be dismissed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended Plaintiff's Complaint be dismissed without prejudice based upon the failure to state a claim upon which relief can be granted. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by __May 28th__, 2018, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

Dated this  7th  day of May, 2018.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE